PEOPLE v. SOLOMON.

(Supreme Court, Appellate Division, First Department. December 18, 1896.)

LARCENY—DEFENSES.

It is not a defense to a prosecution for theft of money collected by defendant for his employer that he retained the money as an offset against previous deductions from his salary, where there was no understanding between the parties authorizing him to do so.

Appeal from court of special sessions, New York county.

Michael Solomon was convicted of petit larceny, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Arthur C. Palmer, for appellant.

John D. Lindsay, for respondent.

PER CURIAM. The offense of larceny was clearly made out upon the evidence in this case. The appellant now for the first time makes the claim that he was entitled to use the money which he should have paid over to his employer as an offset against deductions made from his salary on previous occasions. There was no sufficient or credible testimony to justify the court in finding that such deductions had been made. Even if there had been such testimony, there was no evidence of an agreement or understanding with regard thereto such as would have warranted the defendant in retaining the sums which he collected for his employer. It is quite clear that this latter line of defense was an afterthought, brought up for the first time upon this appeal. It was not suggested below. The record clearly shows an intent on the part of this defendant to embezzle the money in question. When charged by his employer with the offense, he made no explanation, but told the latter, in substance, that he regretted that he had not taken other property belonging to him. His whole course shows a felonious intent.

The judgment was right, and should be affirmed.